# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE, | CASE NO. 1:05-CV-00348-AWI-LJO-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| M. E. SCOTT, et al., | |
| Defendants. | |

I.     Screening Order

    A.     Screening Requirement

Plaintiff Ruchell Cinque Magee ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 10, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Plaintiff's Claims

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff is presently incarcerated.  Plaintiff names CSP-Corcoran employee M. E.Scott, Warden A. K. Scribner, former California Department of Corrections Director E. S. Alameida, and Doe 1, a manager at Music Company in Southfield, Michigan as defendants.

Plaintiff's claims in this action arise from his attempts to purchase music cassette tapes.  Plaintiff apparently successfully purchased three cassette tapes from Music Company, an approved vendor, in August and October of 2002.  In a separate transaction on October 17, 2002 and again on February 2003, Music Company gave plaintiff credits that totaled to $85.55 because the cassettes plaintiff ordered were out of stock.  In September of 2003, Music Company attempted to mail a cassette valued at $13.00 to plaintiff, but the cassette was confiscated as contraband because Music Company was no longer an approved vendor.  Plaintiff's attempts to get a refund from the Music Company for $85.55 were unsuccessful.

On October 19, 2003, plaintiff mailed $42.33 to the Jazz Record Mart in Chicago for eight cassettes.  The cassettes were confiscated upon receipt at the prison on the ground that Jazz Record Mart was not an approved vendor and the cassettes were therefore contraband.  Plaintiff's attempts to get his money back from the Jazz Record Mart were unsuccessful, and plaintiff's attempts to get prison officials to either refund his money or approve the Jazz Record Mart as a vendor were unsuccessful.

1.   Claims Against Scott and the Music Company

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). Breach of contract, as plaintiff complains of, does not provide a basis upon which to impose liability under section 1983. The problems complained of by plaintiff with respect to both music companies' failure to refund his money is simply not a matter of constitutional significance. Further, the music companies are not liable under section 1983 because they are not state actors. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Being approved as a vendor, as set forth in the complaint, does not support a finding that the music companies were acting under color of law. Plaintiff may not pursue his claims against the music companies in this action under section 1983.

With respect to the confiscation of the cassette tape by defendant Scott, who was acting under color of state law, plaintiff has alleged no facts that support a claim he was deprived of his property without due process of law. Plaintiff's disagreement with the decision does not provide a basis upon which to impose liability. Plaintiff's incoming cassette tape was confiscated because it was shipped

3

by an unapproved vendor. This situation falls short of demonstrating that a deprivation of property without due process occurred.

### 2. Claims Against Former Director Alameida and Warden Scribner

Plaintiff has not stated any claims for relief under section 1983 in his complaint. However, assuming plaintiff had stated one or more claims under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that defendants Alameida and Scribner personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Accordingly, even if plaintiff had stated a cognizable claim, plaintiff has not alleged any facts that give rise to a claim for relief against defendants Alameida and Scribner under a theory of supervisory liability.

### C. Conclusion

The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under section 1983. The court will provide plaintiff with one opportunity to file an

amended complaint curing the deficiencies identified by the court in this order.  Plaintiff may only amend the claims set forth in his original complaint.  Plaintiff may not add any new claims.  If plaintiff attempts to alter the nature of this action by adding new claims, his amended complaint will be stricken from the record.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint;
4. Plaintiff may only amend those claims set forth in the original; and

///
///
///
///

5

5. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   August 5, 2005**                               /s/ Lawrence J. O'Neill
b9ed48                                                     UNITED STATES MAGISTRATE JUDGE