IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. E. SCOTT, et al.,<br><br>　　　　Defendants | CV F 05-0348 AWI LJO P<br><br>ORDER DENYING OBJECTIONS,<br>WHICH HAVE BEEN CONSTRUED<br>AS A MOTION FOR<br>RECONSIDERATION<br><br>(Document #10) |

　　　Plaintiff is a state prisoner who filed a civil rights action pursuant to 42 U.S.C. § 1983. On August 5, 2005, the Magistrate Judge screened the complaint pursuant to 28 U.S.C. § 1915A(a). After giving notice of the pleading deficiencies, the Magistrate Judge dismissed the complaint with leave to amend.

　　　On August 26, 2005, Plaintiff filed objections, which the court construes as a motion reconsideration.

　　　Rule 72(a) of the Federal Rules of Civil Procedure allows a party to serve and file objections to a Magistrate Judge's nondispositive order within ten days. In this court, this type of objections are treated as a motion for reconsideration by the assigned District Court Judge and should be captioned "Request for Reconsideration." See Local Rule 72-303. While Plaintiff did not file a request for reconsideration, in the interests of justice, the court will review Plaintiff's objections under Local Rule 72-303.

1    Motions to reconsider are committed to the discretion of the trial court. <u>Rodgers v. Watt</u>,
2 722 F.2d 456, 460 (9th Cir. 1983) (en banc); <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441
3 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to
4 induce the court to reverse its prior decision. <u>See</u>, e.g., <u>Kern-Tulare Water Dist. v. City of</u>
5 <u>Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other*
6 *grounds*, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 78-
7 230(k) requires a party to show the "new or different facts or circumstances claimed to exist
8 which did not exist or were not shown upon such prior motion, or what other grounds exist for
9 the motion."  The court reviews a motion to reconsider a Magistrate Judge's ruling under the
10 "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R.
11 Civ. P. 72(a).

12    In his objections, Plaintiff provides additional facts concerning his claim against the
13 corporation defendants.   Plaintiff appears to not understand that the Magistrate Judge did not
14 dismiss this action.   Rather, the Magistrate Judge dismissed the complaint with leave to amend.
15 Plaintiff may file a new complaint containing his additional allegations.   Before filing an
16 amended complaint, Plaintiff should carefully review the Magistrate Judge's order giving notice
17 of the first complaint's deficiencies.   Because Plaintiff has the opportunity to file a new
18 complaint, reconsideration of the Magistrate Judge's order is not warranted.

19    Accordingly, the court orders that:
20 1.  Plaintiff's objections, which have been construed as a motion for reconsideration, is
21     DENIED;
22 2.  Plaintiff may file any amended complaint, in compliance with the Magistrate Judge's
23     August 5, 2005 order, within thirty days of this order's date of service; and
24 3.  This action is referred to the Magistrate Judge for further proceedings.
25 IT IS SO ORDERED.

26 **Dated:   November 9, 2005**              **/s/ Anthony W. Ishii**
   0m8i78                                    UNITED STATES DISTRICT JUDGE
27

28                                              2