1
2
3
4
5
6       IN THE UNITED STATES DISTRICT COURT FOR THE
7            EASTERN DISTRICT OF CALIFORNIA
8
9  **RUCHELL CINQUE MAGEE,**         )   **CV F 05-0348 AWI LJO P**
                                     )
10          **Plaintiff,**            )   **ORDER DENYING MOTION FOR**
                                     )   **RECONSIDERATION**
11      v.                           )
                                     )
12  **M. E. SCOTT, et al.,**          )   (Document #18)
                                     )
13          **Defendants**            )
                                     )
14  _____)

15
    Plaintiff is a state prisoner who filed a civil rights action pursuant to 42 U.S.C. § 1983.
16
On August 5, 2005, the Magistrate Judge screened the complaint pursuant to 28 U.S.C. §
17
1915A(a).  After giving notice of the pleading deficiencies, the Magistrate Judge dismissed the
18
complaint with leave to amend.   Plaintiff never filed an amended complaint.   On December 21,
19
2005, the Magistrate Judge filed Findings and Recommendations that recommended this action
20
be dismissed for Plaintiff's failure to comply with a court order.   On March 6, 2006, the court
21
adopted the Findings and Recommendations and dismissed this action.
22
    On March 23, 2006, Plaintiff filed a motion for reconsideration.   Plaintiff contends the
23
court should not have dismissed this action because the original complaint stated a claim.
24
Plaintiff argues that he did not need to file an amended complaint because the Magistrate Judge's
25
August 5, 2005 finding that the complaint did not state a claim was incorrect.
26
27
28

1    The court has discretion to reconsider and vacate a prior order. <u>Barber v. Hawaii</u>, 42 F.3d 1185, 1198 (9th Cir.1994); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. <u>Northwest Acceptance Corp. v. Lynnwood Equip., Inc.</u>, 841 F.2d 918, 925-26 (9th Cir.1988). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See</u>, e.g., <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986).

Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment based on specific grounds, such as: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. <u>School Dist. No. 1J Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" <u>LaFarge Conseils et Etudes, S.A. v. Kaiser Cement</u>, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting <u>Corex Corp. v. United States</u>, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" <u>Id</u>.

Here, Plaintiff has failed to make a showing that any statutory grounds exist for reconsideration. Plaintiff is correct that a plaintiff's failure to amend is not disobedience of a court order where the original dismissal was erroneous. <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 992 (9th Cir.1999); <u>see also</u> <u>McKeever v. Block</u>, 932 F.2d 795, 797 (9th Cir.1991)

2

("The refusal to file a second amended complaint would not be unreasonable if the first amended complaint was dismissed erroneously."). However, here, the original complaint was properly dismissed. Plaintiff cannot maintain a civil rights cause of action pursuant to 42 U.S.C. § 1983 against private companies and persons who do not work for the government. Private parties, including corporations, are not acting under color of state law. Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). The complaint fails to allege that the private corporation's and private person's actions were on behalf of the state or fairly attributable to the state.

In addition, the complaint fails to allege a due process violation. An authorized, intentional deprivation of property is actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan, 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987). The complaint fails to allege that prison official's confiscation of Plaintiff's tapes was not legitimate. Plaintiff's incoming cassette tape was confiscated because it was shipped by an unapproved vendor. Plaintiff's disagreement with the decision does not provide a basis upon which to impose liability as alleged in the complaint. Therefore plaintiff is not entitled to relief from judgment pursuant to Federal Rule 60(b).

Accordingly, the court orders that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   May 29, 2006**             /s/ Anthony W. Ishii
0m8i78                           UNITED STATES DISTRICT JUDGE